```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

| | |
|---|---|
| SARAH WALDEN BICKERSTAFF, | * |
|     Plaintiff, | * |
| vs. | * |
| WALKER REYNOLDS BICKERSTAFF, | *   CASE NO. 4:21-CV-51 (CDL) |
|     Defendant. | * |

O R D E R

Plaintiff and Defendant are married to each other but are in the process of getting divorced.[1] Plaintiff filed this action on April 9, 2021, alleging that Defendant placed security cameras in their marital home and used them to eavesdrop on and record Plaintiff's private and sensitive conversations without her knowledge. Based on this conduct, Plaintiff asserts an invasion of privacy claim under the federal wiretapping statute, as well as state law claims for invasion of privacy, intrusion upon seclusion, and intentional infliction of emotional distress. Defendant filed a motion to dismiss this action for failure to state a claim (ECF No. 5), asserting among other things that Plaintiff's federal claim is untimely. As discussed below, the Court finds that Plaintiff's federal claim is time-

---

[1] The divorce action has been pending in the Superior Court of Muscogee County since 2019, and the trial is scheduled for August 9, 2021.

barred and must be dismissed. The Court declines to exercise supplemental jurisdiction over the remaining state law claims.[2]

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

## FACTUAL ALLEGATIONS

Plaintiff alleges the following facts in support of her claims. The Court accepts these facts as true for purposes of

---

[2] Because this disposition results in the dismissal of this action in its entirety, it is unnecessary for the Court to address Defendant's alternative contention that all claims in this action should be dismissed without prejudice as omitted compulsory counterclaims that Plaintiff should have brought in the pending divorce action.

the pending motion. In 2018, Defendant installed Logitech window-mounted cameras in the dining room and laundry room of the residence he shared with Plaintiff. Compl. ¶ 11, ECF No. 1. "The cameras connected to an application on Defendant's cellphone that allowed him to view and hear ongoing activities in the home." *Id.* Plaintiff knew about the cameras by March of 2018, when she viewed camera footage with Defendant. *Id.* ¶ 13. There was no audio associated with the footage, and Defendant told Plaintiff that the cameras did not have audio capabilities. *Id.* Because she believed that the cameras did not have audio capabilities, Plaintiff "continued to have personal and sensitive conversations with close personal friends, family, and attorneys in the areas inside and outside of her house near the video cameras." *Id.* ¶ 14.

Sometime after March 2018, Defendant activated the audio feature on the cameras in the parties' residence, and he began to record and listen to the audio. *Id.* ¶¶ 15-16. "On many occasions, Defendant would interrogate [Plaintiff] about events that occurred during the day that he had illegally overheard through the cameras." *Id.* ¶ 16. In the summer of 2018, Plaintiff received advice from her parents about "working to repair her marriage." *Id.* ¶ 17. Plaintiff believes that Defendant listened to the conversation and that he tried to use the information to his advantage as he planned to file for

3

divorce. *Id.* Plaintiff also believes that Defendant overheard Plaintiff's private and confidential conversations with a family law attorney that she contacted in October 2018. *Id.* ¶ 18.

In March 2019, Plaintiff learned "that the cameras could record audio" even though Defendant had previously told her that they could not. *Id.* ¶ 19. Upon learning that the cameras could record audio, Plaintiff "was shocked and panicked that Defendant was eavesdropping on her private and confidential conversations inside her home." *Id.* ¶ 20. A few weeks later, on May 20, 2019, Defendant allowed Plaintiff to install the camera app on her cellphone, and Plaintiff confirmed that the cameras "were still actively recording audio." *Id.* ¶ 22. Plaintiff "confronted Defendant and informed him that his actions were illegal, unauthorized, [and] inappropriate." *Id.* Defendant served Plaintiff with divorce papers on May 25, 2019. *Id.* ¶ 23. Plaintiff filed a counterclaim for divorce. She did not assert any counterclaims related to the security cameras.

Plaintiff filed this action on April 9, 2021. She asserts a claim under federal law for invasion of privacy, as well as state law claims for invasion of privacy, intrusion upon seclusion, and intentional infliction of emotional distress.

## DISCUSSION

Defendant argues that the Court should dismiss Plaintiff's federal wiretapping claim as untimely. The Court agrees.

4

Federal law prohibits a person from intercepting oral communications, and it prohibits a person from disclosing or using the contents of an oral communication despite knowing that the information was obtained through the interception of that communication.  18 U.S.C. § 2511(1).  Congress authorized a private right of action for violations of § 2511(1): "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person . . . which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520(a).  But a civil action under § 2520 "may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation."  18 U.S.C. § 2520(e).

Here, Plaintiff appears to assert that she did not have a reasonable opportunity to discover Defendant's alleged violation until May 20, 2019, when she installed the camera app on her cellphone and determined that the cameras were "still actively recording audio."  Compl. ¶ 22.  But even construing the factual allegations in the light most favorable to Plaintiff, she had a reasonable opportunity to discover the alleged violations more than two years before she filed this action on April 9, 2021. Plaintiff knew in March of 2018 that her husband placed cameras in the dining room and laundry room of her home.  She believed

5

that her marriage was in trouble in 2018 to the point that she sought advice from her parents and a family law attorney. She knew that her husband tended to interrogate her about the events of each day. And, critically, in March of 2019, Plaintiff learned that the cameras could record audio. Compl. ¶ 19. When she learned that the cameras could record audio, Plaintiff "was shocked and panicked that Defendant was eavesdropping on her private and confidential conversations inside her home." *Id.* ¶ 20. By that point, putting all this information together, a reasonable person in Plaintiff's position had a reasonable opportunity to discover that her communications had been intercepted.

Again, the plain language of the statute indicates that the cause of action accrues when "the claimant first has a reasonable opportunity to discovery the violation"—not when the claimant actually discovers the violation. 18 U.S.C. § 2520(e). To accept Plaintiff's argument would delete the phrase "reasonable opportunity to discover" from the statute and replace it with an "actual knowledge" discovery standard. That is not what the statute says, and the Court may not rewrite the statute. The Court finds that Plaintiff's claims under the federal wiretapping statute accrued by March of 2019, so the claim raised in her April 9, 2021 complaint is untimely.

Plaintiff makes two final arguments to save her federal wiretapping claim. First, she contends that the continuing violations doctrine applies. But Plaintiff does not allege a continuing violation that extended past March of 2019. Although Plaintiff alleges that the cameras were still recording in May of 2019, she does not allege that Defendant intercepted, used, or disclosed any of her communications after Plaintiff discovered in March 2019 that the cameras could record audio; she does not allege that she had any conversations within the vicinity of the cameras after she discovered in March 2019 that they could record audio.

Second, Plaintiff contends that because she seeks injunctive relief in addition to damages, the Court should not dismiss her federal wiretapping claim. The statute authorizes damages and equitable relief for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used" from the person who "engaged in that violation." 18 U.S.C. § 2520(a)-(b). As discussed above, Plaintiff's complaint alleges that Defendant committed violations of intercepting her communications until March of 2019, and any claim for relief based on those violations is time-barred. Plaintiff did not point to any authority establishing that she may obtain injunctive relief on time-barred violations. Plaintiff does suggest that Defendant

7

maintained recordings of her communications, but she did not point to any authority that simply possessing an intercepted communication gives rise to liability under the statute. Only the acts of intercepting, using, or disclosing communications are explicitly covered. Of course, if Defendant did maintain recordings of Plaintiff's private communications and if he uses them or discloses them, then that would be a new violation that is actionable under the federal wiretapping statute. But such a claim is not alleged in Plaintiff's complaint. Plaintiff's federal wiretapping claim is thus dismissed as time-barred.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (ECF No. 5) is granted as to Plaintiff's federal wiretapping claim under 18 U.S.C. § 2520. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims for invasion of privacy, intrusion upon seclusion, and intentional infliction of emotional distress. *See* 28 U.S.C. § 1367(c). Those claims are dismissed without prejudice. Accordingly, this entire action shall be dismissed.

IT IS SO ORDERED, this 28th day of July, 2021.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA